LONG v KACHELRIES et

Ohio Appeals, 3rd Dist, Auglaize Co

No 126.  Decided March 8, 1939

Jacob T. Koenig, Wapakoneta;  A. A. Klipfel, Wapakoneta, for plaintiff-appellant.

H. S. Vaubel, Wapakoneta, for defendants-appellees.

## OPINION

By CROW, PJ.

This is an appeal from a judgment of the Common Pleas Court of Auglaize county, Ohio, dismissing the petition and awarding judgment for costs against plaintiff Allen E. Long after a general demurrer to that pleadng was sustained and plaintiff had declined to plead further.

The defendants are John Kachelries as Justice of the Peace in and for Moulton township, Auglaize county, Ohio, and Henry Detjen, Ferd Link as constable of said township, and excepting the caption, title, signature of the attorney and the verification, the petition is in the following words:

"The plaintiff says that John Kachelries is the duly elected and qualified Justice of the Peace in and for Moulton township, Auglaize county, Ohio. Ferd Link is the qualified constable of said township.

"The plaintiff says that he was defendant in a suit filed by Henry Detjen, doing business as the Detjen Store, in the court of John Kachelries as Justice of the Peace in and for Moulton township, Auglaize county, Ohio, and that this plaintiff had a valid set off against the claim of Henry Detjen, and that said cause was pendng before the said John Kachelries as such Justice of the Peace on the 3rd day of December, 1936. That prior to December 3, 1936 this plaintiff demanded a trial of said cause and said cause had been assigned for trial before the said John Kachelries on December 4, 1936.  That on the 3rd day of December, 1936, plaintiff's counsel was engaged in a trial as counsel before the Common Pleas Court of Auglaize county, Ohio, and on said date it was made known to said justice of the peace that said trial would not be completed on the 3rd or 4th day of December, 1936, and that plaintiff's counsel could not

be present in the court of John Kachelries on the 4th day of December, 1936, to represent this plaintiff in said court. Thereupon the said John Kachelries as such justice of the peace agreed to continue the cause and to vacate the assignment theretofore made for trial of said cause on December 4th, 1936, and further agreed to reassign the cause for trial after the completion of the trial in the Common Pleas Court upon notice to this plaintiff. The trial in the Common Pleas Court was not completed until late in the day of December 9, 1936.

"The said John Kachelries as such justice of the peace failed to make the entry of continuance of said case on his docket as he agreed to do, but on the 5th day of December, 1936, secretly and on the request of Henry Detjen, said justice of the peace entered judgment in his court against this plaintiff.

"The said justice of the peace issued an execution upon said judgment to Ferd Link as constable of said township and will cause the property of this plaintiff to be sold unless he is restrained.

"Because of the secret entry of said judgment, the said Justice of the Peace has deprived this plaintiff of his remedy at law, and your petitioner now has no adequate remedy at law.

"Wherefore, your petitioner prays that a temporary restraining order be issued out of this court restraining the said defendants or either of them from enforcing the execution heretofore issued by said Justice of the Peace, and that upon final hearing, the said Justice of the Peace be ordered by mandatory injunction to correct his docket to show that the cause on December 3rd, 1936, had been continued to be re-assigned at a later date upon notice to this plaintiff, and that by mandatory injunction he be required to vacate the judgment entered by him against this plaintiff, and for such other and further relief as is just and proper."

The type of judgment entered on the docket the 5th day of December, 1936, "secretly and on the request of Henry Detjen", whether as upon default or confession, or following a trial to the court or to a jury, is not alleged nor does the petition state the time Long first had knowlege of the docket entry.

For aught appearing in the petition, Long or his attorney may have known the existence of the docket entry a minute after it was made; and the "secret" entering can not by any reasoning be held to mean that the docket itself was hidden from, or an inspection of it denied to, them or either of them.

It is essential to note that the trial in which the attorney was engaged ended four days after the making of the docket entry.

Construing the allegation concerning secrecy in making the docket entry of judgment to mean that Long was absent at the time it was done, which is quite evidently what the pleader meant, §10377, GC, providing relief "when a judgment is rendered against a defendant in his absence", furnished a plain, adequate and complete remedy at law against the judgment; and that section was not exclusive. §§10382 and following also provided like recovery. 3 C. C. 557.

The petition is wholly barren of allegation that Long or his attorney could not with reasonable diligence have complied with one of those statutes because of want of knowledge of the existence of the docket entry, or for any other reason. Six of the ten days' limitation remained after the trial ended which kept Long's attorney from the justice's court, during which it could reasonably have been known to Long and his attorney from the justice's docket that the judgment had been entered.

Moreover it can be said appropriately that the petition does not set forth any defense to the claim sued on in the justice's court, or any allegations showing that by judicial proceeding at law Long cannot obtain satisfaction of his set off.

The petition having fallen short of alleging facts showing that plaintiff did not have a plain, adequate and

complete remedy at law, it was fatally defective, and the demurrer was properly sustained.

Statements of facts not alleged in the petition appear in the several briefs, which can not be considered in connection with the demurrer and consequently have not been mentioned in this opinion.

The judgment will therefore be affirmed.

KLINGER & GUERNSEY. JJ, concur.